IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**EARL TURNER,**

    Petitioner,

v.                                         Civil Action No. **3:11CV791**

**UNKNOWN,**

    Respondent.

**MEMORANDUM OPINION**

Earl Turner has submitted a motion asking for an extension of time in which to file a motion under 28 U.S.C. § 2254. Federal Courts, however, lack jurisdiction to consider the timeliness of a § 2254 petition until it is actually filed. Gregory v. Bassett, No. 3:07cv00790, 2009 WL 455267, at *2 (E.D. Va. Feb. 23, 2009); see also United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007) (holding that no case or controversy existed before § 2255 motion was actually filed); United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (same). Because a § 2254 petition did not accompany Turner's motion for an extension of time and because the motion did not contain any cognizable claims for habeas relief, Turner's motion for an extension of time (Docket No. 1) will be DENIED. See Ramirez v. United States, 461 F. Supp. 2d 439, 440-41 (E.D. Va. 2006) (citing cases).

This action will be DISMISSED WITHOUT PREJUDICE.

The Clerk is DIRECTED to forward to Turner the form for filing a petition under 28 U.S.C. § 2254. Any § 2254 petition that Turner files must conform to the rules governing such motions and be sworn to under the penalty of perjury. See Rule 2(c), Rules Governing § 2254 Proceedings in the U.S. District Courts. Turner also is advised that § 2254 petitions are subject to a one-year statute of limitations and a restriction against second or successive petitions. See 28 U.S.C. §§ 2244(b)(3), (d).[1]

Let the Clerk send a copy of this Memorandum Opinion to Turner.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 3, 2012

---

[1] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Turner is entitled to further consideration in this matter. The Court will DENY a certificate of appealability.

2